SPENCER M. JUDD, ESQ.
Nevada Bar No. 10095
325 South 3rd St., #5
Las Vegas, Nevada 89101
Telephone:  (702) 606-4357
Facsimile:   (702) 974-3146
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTIN S. ROOD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS INC., a Stock Insurance Company, a/k/a Liberty Mutual Group; DOES 1 through 5, and ROE CORPORATIONS 1 through 5,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**(3) VIOLATIONS OF NEVADA'S UNFAIR CLAIMS SETTLEMENT ACT, NEV. REV. STAT. ANN. § 686 A.310;**<br>**(4) DECLARATORY RELIEF – DUTY TO DEFEND.**<br><br>**JURY DEMAND** |

Plaintiff, Martin S. Rood ("**Rood**" or "**Plaintiff**") hereby alleges as follows:

**PARTIES**

**1.** At all times mentioned herein, Plaintiff, Martin S. Rood, is an individual residing in the State of Washington.

**2.** That the true names and capacities of Defendants named herein as Does 1-5, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as a Doe is responsible for the events and happenings referred to and proximately caused damages to Plaintiff as alleged herein. Plaintiff will ask leave of Court to amend the Complaint to insert the true names and capacities of Doe Defendants 1 through 5, inclusive, when the same have been ascertained and to join such Defendants in the action.

**3.** That the true names and capacities of Defendants named herein as Roe Corporations 1-5, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated as a Roe Corporation is responsible for the events and happenings referred to and proximately caused damages to Plaintiff as alleged herein. Plaintiff will ask leave of Court to amend the Complaint to insert the true names and capacities of Roe Defendants 1 through 5, inclusive, when the same have been ascertained and to join such Defendants in the action.

**4.** That the events and circumstances described in this Complaint took place in the State of Nevada. All of the Defendants in this action are completely diverse from the Plaintiff and the amount in controversy is greater than seventy-five thousand dollars ($75,000.00).

## JURISDICTION AND VENUE

**5.** This Court has original jurisdiction over this action founded on diversity of citizenship pursuant 28 U.S.C. § 1332, because the matters in controversy exceed $75,000.00, exclusive of interest and costs, and because complete diversity exists between Rood and Defendants.

**6.** Venue is proper in this Court in accordance with 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CAUSES OF ACTION AND GENERAL ALLEGATIONS

**7.** Rood realleges the allegations contained in paragraphs 1 through 6, inclusive, and incorporates them by reference as though fully set forth herein.

**8.** In about 2006, a company called Hallock Ryno, Inc. ("HRI") loaned money (the "Cielo Vista Loan") to a Nevada entity, Cielo Vista, LLC ("Cielo Vista").

**9.** Cielo Vista owned Real Property comprised to two contiguous vacant parcels, Assessor's Parcel Number ("APN") 139-27-708-001 and APN 139-27-708-002, located at the corner of Veteran's Memorial Drive and Washington Avenue in Las Vegas, Nevada (the "Real Property").

**10.** Upon information and belief, the Real Property was Cielo Vista's only asset.

**11.**     HRI then prepared public offering documentation for potential investors to acquire the Cielo Vista Loan.

**12.**     Specifically, HRI prepared a document titled "Specific Offering Circular for Cielo Vista, LLC" (the "**Circular**").

**13.**     Included in the Circular was an appraisal of the Real Property performed and signed by Jack P. Gillespie, Arthur F. Nelson, and Don Foster Scroggins (the "**Appraisers**"), (the "**Appraisal**").

**14.**     The Appraisal valued the Real Property at Five Million Four Hundred Ninety Thousand and no/100 Dollars ($5,490,000.00).

**15.**     The Appraisal had an effective date of August 19, 2006 and was transmitted by letter dated December 14, 2006.

**16.**     Plaintiff relied upon the value of the Real Property as specified in the Appraisal when making his decision to invest Eight Hundred Thousand and No/100 Dollars ($800,000.00) to acquire fifty-percent (50%) of the Cielo Vista Loan from HRI through an assignment of deed of trust.

**17.**     In or about November 2010, during the course of discovery in litigation with HRI, Plaintiff discovered that the Real Property was appraised in late 2005 at a value of less than half the value assigned to the Real Property by the Appraisers.

**18.**     Plaintiff resides in the State of Washington and has no personal knowledge of the Las Vegas real estate market.

**19.**     In or about November or December of 2010, Plaintiff learned from conversations with other Nevada-based appraisers, that the Appraisers compared the Real Property to properties that are not comparable to the Real Property.

**20.**     Plaintiff at this time learned that Appraisers were negligent and committed malpractice in their preparation and presentation of the Appraisal.

**21.** The Appraisers were aware when they prepared and presented the Appraisal that HRI was using the Appraisal in its Circular and were also aware that third parties, such as the Plaintiff, would rely on the Appraisal in making investment decisions.

**22.** When Cielo Vista failed, Plaintiff lost his investment, because the Real Property was worth far less than the value contained in the Appraisal on its effective date; consequently, the Real Property had no value to provide Plaintiff full recompense following the foreclosure sale.

**23.** Plaintiff filed suit in the U.S. District Court, District of Nevada, on May 25, 2012, Case No.: 2:12-cv-00893 against the Appraisers, including Jack Paul Gillespie (the "**Underlying Lawsuit**").

**24.** In the Underlying Lawsuit, Plaintiff alleged that the actual value as of the date of the Appraisal was Two Million Two Hundred Sixty Thousand and No/100 Dollars ($2,260,000.00), and that had he known the true value, he would not have invested in the Cielo Vista Loan.

**25.** The U.S. District Court, District of Nevada entered an Order granting Summary Judgment against Jack P. Gillespie ("**Gillespie**"), one of the Appraiser-defendants in the Underlying Lawsuit, on September 15, 2014, awarding Plaintiff monetary damages in the amount of Six Hundred Forty-Seven Thousand and No/100 Dollars ($647,000.00).

**26.** That Order was appealed by Gillespie to the Ninth Judicial U.S. District Court on October 15, 2014.

**27.** An Order dismissing the appeal was entered by the Ninth Judicial U.S. District Court on October 2, 2015.

**28.** Gillespie was insured by Liberty Insurance Underwriters, Inc., a/k/a Liberty Mutual Group ("**Liberty**"), pursuant to Policy No. LIU009185-007 (the "**Policy**") with an effective date of November 2, 2010 through November 2, 2011, and providing retroactive coverage for negligent acts, errors or omissions committed by Gillespie on or after August 19, 1997.

**29.** Gillespie made a claim with Liberty for coverage to defend the Underlying Lawsuit and was notified by Liberty's legal counsel via correspondence dated June 11, 2012, that there was

no coverage "under the terms of the subject policy" and that "Liberty will be unable to assist with any defense or indemnification for either the lawsuit or for the state board complaint made by Martin S. Rood" (the **"Denial Letter"**).

30. On January 19, 2016, Gillespie assigned all claims, causes of action and choses of action he may have against the Defendant, Liberty, to Plaintiff, Martin S. Rood (the "**Assignment**").

31. On February 15, 2016, Plaintiff again made demand to Liberty for coverage under the policy for payment of the September 15, 2014 judgment against its insured, Gillespie, and for all attorney's fees and costs accrued in connection therewith, pursuant to the Policy.

32. On or about May 10, 2016, Liberty, through its counsel Lipson, Neilson, Cole, Seltzer, Garin, P.C. again denied coverage of the claim.

## FIRST CAUSE OF ACTION

### Breach of Contract

33. Rood realleges the allegations contained in paragraphs 1 through 32, inclusive, and incorporates them by reference as though fully set forth herein.

34. Gillespie requested that Defendant defend him in the Underlying Lawsuit as described more fully above. Gillespie performed all obligations owing under the Policy in connection with its tender of defense, and Gillespie satisfied all relevant conditions precedent.

35. Defendant failed to discharge its contractual duties to defend Gillespie in the Underlying Action. More particularly, Defendant breached its contract by failing to promptly respond to Gillespie's tender.

36. Additionally, Defendant failed to cover and pay the damages suffered by Rood as provided under the Policy as it was contractually obligated to do.

37. Plaintiff has a valid assignment of all of Gillespie's claims, causes of action, choses of action, rights, or demands that Gillespie may possess against Defendants.

38. As a direct and proximate result of Defendant's conduct as alleged in this Complaint, Rood has been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

**39.** Rood realleges the allegations contained in paragraphs 1 through 38, inclusive, and incorporates them by reference as though fully set forth herein.

**40.** Defendant owed Gillespie a duty of good faith and fair dealing, obligating Defendant to put Gillespie's interests equal with or ahead of their own interests and to do nothing to deprive Gillespie of his Policy benefits.

**41.** Rather than honor their obligations, Defendant instead sought to protect its own interests and have subordinated Gillespie's interests by refusing to discharge contractual duties without reasonable grounds or good cause.

**42.** In addition, Defendants have acted with knowledge or reckless disregard of the lack of a reasonable grounds or good cause.

**43.** Accordingly, Defendants have deprived Gillespie of his rights and benefits under the Policy.

**44.** Defendants' conduct as alleged in this Complaint is part of a pattern of unfair claims practices intentionally engaged in by Defendants to enhance unfairly their own profits by avoiding contractual obligations and ignoring the contractual rights and economic interests of Gillespie.

**45.** As a direct and proximate result of Defendants' tortious breach of the duty of good faith and fair dealing, Rood has suffered damages in an amount to be proven at trial, including without limitation, legal costs incurred to obtain the benefits of the respective policies.

**46.** In addition, Defendants' conduct as alleged in this Complaint is despicable and has been carried out in willful and conscious disregard of Gillespie's and Rood's rights and economic interests, and is malicious, fraudulent and oppressive. Accordingly, Defendants' conduct entitles Rood to punitive damages.

**47.** Defendants' malicious, fraudulent, and oppressive conduct includes, for example:

    a. As described above, Defendants were fully aware of their duty to promptly investigate and respond to Gillespie's tenders and indicate whether Defendants would

*Spencer M. Judd, Esq.*

defend Gillespie against the *Rood* action, but Defendants willfully and conscious disregarded Gillespie's rights.

b. As described above, Defendants are fully aware of their duty to defend against claims alleging potential liability arising out of the work of their named insureds,. Defendants know this behavior violates the rights of their insureds, like Gillespie, but Defendants intentionally try to deprive their insureds, like Gillespie, of policy benefits in order to unfairly enhance their own profits.

c. As described above, Defendants were fully aware of their duty to fully defend Gillespie. Defendants knew that failing to provide Gillespie with a full defense would violate its contractual rights, but Defendants intentionally claimed they had no duty to defend or pay out under their policy.

## THIRD CAUSE OF ACTION

**Violations of Nevada's Unfair Claims Settlement Practices Action,**

**Nev. Rev. Stat. Ann. § 686A.310**

48. Rood realleges the allegations contained in paragraphs 1 through 47, inclusive, and incorporates them by reference as though fully set forth herein.

49. Defendants' conduct constitutes a violation of one or more of the following subsections of Nev. Rev. Stat. Ann. § 686A.310:
   (a) Misrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue.
   (b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
   (c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims under insurance policies.
   . . .
   (e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

50. As a direct and proximate result of Defendants' violations of Nev. Rev. Stat. Ann. § 686A.310, Rood has sustained damages in an amount within the jurisdictional limits of this Court, including, but not limited to, punitive damages.

51. As a direct and proximate result of Defendants' violations of Nev. Rev. Stat. Ann. § 686A.310, Rood has incurred attorneys' fees, court costs and other expenses in bringing this action.

# FOURTH CAUSE OF ACTION

### (Declaratory Relief)

**52.** Rood realleges the allegations contained in paragraphs 1 through 51, inclusive, and incorporates them by reference as though fully set forth herein.

**53.** An actual controversy has arisen and now exists between Rood, on the one hand, and Defendants, on the other hand, in that Rood contends that under the Liberty Policy, the Defendant owed a separate and independent duty to promptly and fully defend Gillespie in the Underlying Lawsuit action.

**54.** Rood is the valid assignee of all of Gillespie's claims, causes of action and choses of action resulting from the Underlying Lawsuit.

**55.** Rood is informed and believes that Defendants contend otherwise.

**56.** Rood desires a judicial determination as follows:

    **a.** that the Defendant owed a separate and independent duty to defend Gillespie against the Underlying Lawsuit action;

    **b.** that the scope of this duty was to provide Gillespie with an immediate and full defense; and

    **c.** the Defendant failed to uphold its duties causing damage to Gillespie and to Rood by way of the Assignment.

**57.** A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Rood and Defendant may be determined.

# PRAYER

WHEREFORE, Rood prays for judgment against Defendants as follows:

1. **FIRST CAUSE OF ACTION**:

    a. For general and specific damages in an amount to be proven at trial;

    b. For all costs and expenses at the full extent permitted by law;

    c. For pre-judgment interest and post-judgment interest at the full extent permitted by law;

    d. For attorneys' fees to the extent recoverable by applicable law; and

e. For such other and further relief as the Court deems fair and proper.

2. **SECOND CAUSE OF ACTION**:

   a. For general and specific damages in an amount to be proven at trial;

   b. For punitive damages at the full extent permitted by law;

   c. For all costs and expenses at the full extent permitted by law;

   d. For pre-judgment interest and post-judgment interest at the full extent permitted by law;

   e. For attorneys' fees to the extent recoverable by applicable law; and

   f. For such other and further relief as the Court deems fair and proper.

3. **THIRD CAUSE OF ACTION**:

   a. For general and specific damages in an amount to be proven at trial;

   b. For punitive damages at the full extent permitted by law;

   c. For all costs and expenses at the full extent permitted by law;

   d. For pre-judgment interest and post-judgment interest at the full extent permitted by law;

   e. For attorneys' fees to the extent recoverable by applicable law; and

   f. For such other and further relief as the Court deems fair and proper.

4. **FOURTH CAUSE OF ACTION**:

   a. For declaratory relief as described above;

   b. For all costs and expenses at the full extent permitted by law;

   c. For pre-judgment interest and post-judgment interest at the full extent permitted by law;

   d. For attorneys' fees to the extent recoverable by applicable law; and

   e. For such other and further relief as the Court deems fair and proper.

/ / /

/ / /

/ / /

**JURY DEMAND**

Rood hereby demands a trial by jury.

DATED this ___ day of August, 2016.

              Respectfully submitted,

              _____

              SPENCER M. JUDD, ESQ.
              Nevada Bar No. 10095
              325 South 3rd St., #5
              Las Vegas, Nevada 89101
              Telephone: (702) 606-4357
              Attorneys for Plaintiff