# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN S. ROOD, | ) |
| | ) Case No. 2:16-cv-02586-JAD-NJK |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) (Docket No. 27) |
| LIBERTY INSURANCE UNDERWRITERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is Defendant Liberty Insurance Underwriter's motion for protective order. Docket No. 27. The Court has considered Defendant's motion and Plaintiff's response. Docket Nos. 27, 29. No reply is needed. The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons outlined below, the motion for protective order, Docket No. 27, is hereby **GRANTED**. The hearing set for this afternoon is hereby **VACATED**.

Defendant has designated Raymond Mercado, Claims Manager for Defendant, as its 30(b)(6) witness. Docket No. 27 at 22. Defendant submits that Mr. Mercado lives and works in the New York City area. *Id*. Defendant further submits that it does not have a corporate office in

Nevada, and that its corporate offices are located in New York. *Id*. at 23. Defendant, therefore, asks the Court to order that Mr. Mercado's deposition occur in New York City, or via videoconference. *Id*. at 24.

In response, Plaintiff submits that Defendant "argues that it is entitled to a protective order simply because it designated a 30(b)(6) witness who lives 'far away' from the forum on this action." Docket No. 29 at 5. Plaintiff further submits that Defendant has not alleged that Plaintiff has had other opportunity to obtain the information he seeks in the deposition. *Id*. at 5-6. Additionally, Plaintiff submits that Defendant has not alleged that the deposition is unreasonably cumulative or duplicative. *Id*. at 6. Additionally, Plaintiff submits that Defendant has not made any specific demonstration regarding the necessity of a protective order. *Id*. Plaintiff submits that Defendant has not conducted any business "related to this action, or the events leading to this action" in New York City, and that Defendant conducts business in Nevada. *Id*. at 6, n. 13.

As a general rule, corporate designees are deposed at the corporation's principal place of business. *Hologram USA, Inc. v. Pulse Evolution Corporation*, 2016 WL 3584629, *1 (D.Nev. July 1, 2016), quoting *Fernandez v. Penske Truck Leasing Co., L.P.*, 2013 WL 438669, *2 (D. Nev. Feb. 1, 2013), *affirmed*, 2013 WL 2405297 (D. Nev. May 31, 2013) (citing *Fausto v. Credigy Serv. Corp.,* 251 F.R.D. 427, 429 (N.D. Cal. 2008)). The Court finds no justification has been presented to depart from this general rule. Therefore, the 30(b)(6) deposition of Mr. Mercado will occur in New York City.

Defendant submits that it is amenable to a video deposition of Mr. Mercado. Courts in the District of Nevada have endorsed videoconferencing in the Rule 30(b)(6) deposition context. *Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, 2016 WL 2843802, *5 (D. Nev. May 12, 2016). In this context, "[a]lthough issues of credibility and demeanor are still present, they as not as

significant[.]" *Id*. Thus, the traditional issues associated with telephonic depositions are not dispositive. *See Dieng v. Hilton Grand Vacations Co.*, LLC, 2011 WL 812165, *2 (D. Nev. Mar. 1, 2011) (requiring party to appear in forum district to permit observation of deponent's demeanor). Weighing against the marginal utility of in-person Rule 30(b)(6) depositions are the considerable costs and burdens of requiring corporate designees to travel great distances. *See Banc de Binary*, 2014 WL 1030862, at *11. Accordingly, as in *Banc de Binary*, the Court will afford Plaintiff the choice of proceeding with the deposition in New York City, or stipulating to conduct the deposition via videoconferencing, pursuant to Rule 30(b)(4).[1]

Therefore, for the reasons stated above, Defendant's motion for protective order, Docket No. 27, is hereby **GRANTED**. The hearing set for this afternoon is hereby **VACATED**.

IT IS SO ORDERED.

DATED: May 29, 2018.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] On March 26, 2018, the Court granted the parties' "Third and Final Request" to extend discovery deadlines. *See* Docket No. 25. In granting this extension, the Court explicitly stated that no further extensions will be granted. *Id*. at 4. Accordingly, this 30(b)(6) deposition must occur no later than June 1, 2018, the date that discovery closes.