# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN S. ROOD,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>LIBERTY INSURANCE UNDERWRITERS, INC.,<br><br>　　　　Defendant(s). | Case No.: 2:16-cv-02586-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 26] |

Pending before the Court is Defendant's motion to compel. Docket No. 26. Plaintiff filed a response in opposition. Docket No. 29. Defendant filed a reply. Docket No. 33. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendant's motion to compel is **GRANTED**.

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to discovery rules). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise

1

objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g.*, *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Defendant moves to compel further responses to written discovery from Plaintiff. In particular, Defendant argues that Plaintiff's responses provided to Interrogatories 2, 7, 8, 9, 12, 13 14, 15, 16, 17, and 18 are deficient. Docket No. 26 at 9-17. Defendant argues that Plaintiff has also failed to verify his interrogatory responses. *Id.* at 9. Defendant further argues that Plaintiff's responses to Requests for Production 3, 4, 6, 9, 10, 11, and 12 are deficient. *Id.* at 17-22.

Tantamount to the schoolyard comeback of "I know you are, but what am I," *see, e.g.*, *Pee Wee's Big Adventure* (Warner Bros. 1985), Plaintiff provides no justification for his own discovery responses and, instead, points to aspects of Defendant's discovery responses that Plaintiff contends are similar, *see* Docket No. 29 at 9-12.[1] Plaintiff cites no legal authority standing for the proposition that he need not provide discovery that complies with the Federal Rules of Civil Procedure based solely on purported discovery violations by the opposing party. The discovery rules do not envision this kind of playground tantrum. *Cf.* Fed. R. Civ. P. 26(a)(1)(E) ("A party is not excused from making its disclosures because . . . another party has not made its disclosures"); *see also Public Health Equip. & Supply Co., Inc. v. Clarke Mosquito Control Prods., Inc.*, Case No. SA-08-cv-0895 OG (NN), 2011 WL 2470059, at *2 (W.D. Tex. June 16, 2011) (an argument of "unclean hands" has "no place in the analysis of a motion to compel brought pursuant to the federal discovery rules").[2]

---

[1] Plaintiff fails to address many of the specific issues raised in the motion to compel. For example, Defendant argues that Plaintiff improperly invoked the attorney-client privilege. Docket No. 26 at 12-13. Plaintiff's response provides no argument of any kind regarding that issue. *See* Docket No. 29 at 9-12. Plaintiff has acquiesced in the granting of Defendant's motion to compel with respect to any argument that he failed to address in his response. *See Knickmeyer v. Nevada ex rel Eighth Judicial District Court*, 173 F. Supp. 3d 1034, 1044 (D. Nev. 2016); *see also Kiessling v. Rader*, Case No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *3 (D. Nev. Mar. 20, 2018) (arguments are waived if not included in response to motion to compel).

[2] Plaintiff brought his own motion to compel, which the Court denies without prejudice through an order issued concurrently herewith. The Court expresses no opinion herein as to whether Defendant's discovery responses are improper.

Because Plaintiff provides no legally sufficient argument that he is not required to provide further discovery responses as requested by Defendant, he has not met his burden in opposing the motion to compel. Accordingly, Defendant's motion to compel is **GRANTED**. Plaintiff shall provide supplemental discovery responses as requested in Defendant's motion within 10 days of the issuance of this order.

IT IS SO ORDERED.

Dated: July 2, 2018

Nancy J. Koppe
United States Magistrate Judge