# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN S. ROOD, | Case No.: 2:16-cv-02586-JAD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 29] |
| LIBERTY INSURANCE UNDERWRITERS, INC., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 29. Defendant filed a response in opposition. Docket No. 32. No reply was filed. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion to compel is **DENIED** without prejudice.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Hence, "[t]he discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Rule 37(a)(1) of the Federal Rules of Civil

Procedure requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

In this case, there is no certification that any pre-filing conference took place with respect to Plaintiff's motion. To the contrary, Defendant's counsel expressly declares that no such pre-filing conference took place. Docket No. 32 at 2-3.

Accordingly, Plaintiff's motion to compel is hereby **DENIED** without prejudice.[1]

IT IS SO ORDERED.

Dated: July 2, 2018

                                                                                         Nancy J. Koppe
United States Magistrate Judge

---

[1] Plaintiff provides the text of only three discovery requests and responses thereto even though he attempts to challenge numerous other discovery responses. *See* Docket No. 29 at 9-11. The Local Rules require that the text of disputed discovery be provided with a motion to compel. Local Rule 26-7(b). Plaintiff's violation of this rule also dooms his motion with respect to all discovery for which text was not provided.

2